IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHRISTINA STEIN, aka MARY STEIN,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., successor by merger to Countrywide Bank, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AKA "MERS"; DOES 1-20 inclusive,<br><br>        Defendants. | 2:10-cv-02827-GEB-EFB<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS</u>[*] |

Defendants move for an order dismissing Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing it should be dismissed because Plaintiff has not alleged viable claims. Plaintiff filed an opposition to the motion in which she seeks leave to file a First Amended Complaint, which is attached to her opposition, and argues Defendants' motion should be denied. Plaintiff's request to file the amended complaint attached to her opposition is disregarded because it has not been duly noticed for hearing. Further, for the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I.  LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

In analyzing whether a claim has facial plausibility, "[w]e accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, --- F.3d ----, 2010 WL 5141247, at *3 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).
///

## II. BACKGROUND

Plaintiff alleges the following claims in her Complaint, each of which concerns allegations involving a real estate transaction: (1) rescission; (2) reformation; (3) restructure under the Home Affordable Refinance Program ("HARP") and the Home Affordable Mortgage Program ("HAMP"); (4) breach of contract; (5) negligence; and (6) slander of title. Plaintiff refinanced her mortgage on September 12, 2007, with a loan (the "Current Loan") from Countrywide Bank, FSB. (Compl. ¶¶ 5, 7-8.) Plaintiff alleges in her Complaint that "[o]n or about September 13, 2007, [she] exercised her right to rescind the contract, and did in fact rescind the contract by signing and executing Defendant's cancellation form pursuant to Defendant's Notice of Right to Cancel." Id. ¶ 9. Plaintiff further alleges in her Complaint: "Thereafter, Defendants recorded the Current Loan despite Plaintiff's rescission." Id. ¶ 10. Plaintiff also alleges in her Complaint that she "became aware that the Current Loan was recorded, and expressed her rescission of the Current Loan again in a letter to Defendants dated October 17, 2007." Id. ¶ 11. Plaintiff also alleges in her Complaint that Defendants never rescinded the loan, and she has not had success in her attempts to restructure her loan. Id. ¶¶ 11,13.

## III. DISCUSSION

### A. Plaintiff's TILA rescission claim

Defendants argue Plaintiff's TILA rescission claim should be dismissed because it is barred by the statute of limitations. (Mot. to Dismiss ("Mot.") 1:13-15.) Plaintiff counters that the statute of limitations should be equitably tolled to allow the claim to proceed since "Defendant's actions constitute a continuing violation and because Plaintiff relied on Defendant's misrepresentations that the contract

3

1  could not be rescinded." (Opp'n to Mot. to Dismiss ("Opp'n") 4:16-18.)
2  However, since Defendants have not shown that Plaintiff's TILA
3  rescission claim is barred by the applicable statute of limitations
4  period, this portion of the motion is denied.
5        Defendants also argue Plaintiff's TILA rescission claim should
6  be dismissed since Plaintiff has "not allege[d] that she tendered or is
7  able to tender the borrowed funds back to the lender", which Defendants
8  allege is required to state a TILA rescission claim. (Mot. 7:20-23.)
9  However, since Defendants have not shown that this is a pleading
10 requirement, this portion of the motion is also denied.

### B. Reformation

12       Defendants argue Plaintiff's reformation claim should be
13 dismissed because "reformation requires fraud or mistake-neither of
14 which is sufficiently alleged here." (Mot. 8:16-20.)
15       California Civil Code section 3399 prescribes: "[w]hen,
16 through fraud or a mutual mistake of the parties, or a mistake of one
17 party, which the other at the time knew or suspected, a written contract
18 does not truly express the intention of the parties, it may be
19 revised[.]" Plaintiff "alleges that the contract between Plaintiff and
20 Defendants be reformed to the terms of the Original Loan." (Compl. ¶
21 20.) Since Plaintiff's conclusory allegations do not plausibly show an
22 actionable reformation claim, this claim is dismissed.

### C. Plaintiff's HAMP and HARP claim

24       Defendants also seek dismissal of Plaintiff's claim in which
25 she requests "restructure pursuant to HAMP and HARP programs[,]" arguing
26 neither HAMP nor HARP provide for private rights of action. (Mot. 1:18-
27 20.) Plaintiff's conclusory allegations in this claim are insufficient
28

4

to plausibly show she is entitled to restructure her loan or maintain a private action under either program. Therefore, this claim is dismissed.

### C. Breach of Contract

Defendants also seek dismissal of Plaintiff's breach of contract claim, arguing "Plaintiff does not allege facts to support her claim that Defendants breached any contract or that she sustained damages." (Mot. 11:12-14.)

To allege a claim for breach of contract under California law, a plaintiff "must plead . . . (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff." Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1352 (2009). Plaintiff alleges in her Complaint: "that pursuant to and as part of the written agreements . . . an essential term of the agreement with Defendants was that Plaintiff had the right to rescind the Current Loan contract within three (3) days of the date of the transaction[.]" (Compl. ¶ 26.) Plaintiff also alleges "Defendants breached the terms of the Current Loan contract by proceeding with the Current Loan despite Plaintiff's rescission of it within the three (3) day time limit." Id. ¶ 27. In addition, Plaintiff alleges she "performed all obligations . . . except those obligations [she] was prevented or excused for performing" and she "suffered damages . . . caused by Defendants' breach of the agreement[.]" Id. ¶¶ 28-29.

Defendants argue "the terms of the Current Loan do *not* incorporate the Notice of Right to Cancel[; and that] the Current Loan and the Notice of the Right to Cancel are two separate documents." (Mot. 11:23-12:2.) However, in deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft,

580 F.3d 949, 956 (9th Cir. 2009). Plaintiff's rescission allegations are sufficient to withstand Defendants' dismissal motion; therefore, this portion of the motion is denied.

Defendants also argue "Plaintiff cannot successfully allege that she incurred damages as a result of Defendants' supposed breach" since "loan payments do not constitute damages." (Mot. 12:10-13.) It is unclear what damages Plaintiff seeks in her Complaint since she has merely alleged conclusory allegations. Therefore, Plaintiff's breach of contract claim is dismissed.

### D. Negligence

Defendants also seek dismissal of Plaintiff's negligence claim, arguing this claim is barred by California's two-year statute of limitations and fails to allege that Defendants owed Plaintiff a duty. (Mot. 12:23-24.) Plaintiff counters that "Defendant's negligent acts are continuing and Plaintiff is continuously damaged by Defendant's failure to rescind the loan[; and that the claim] . . . should be equitable [sic] tolled" because Plaintiff relied on Defendants' misrepresentations that the loan could not be rescinded. (Opp'n 8:15-18.) Plaintiff also argues "that a simple duty to manage the loan with care and to abide by the TILA statutory provisions was and is owed by Defendant to Plaintiff." Id. 8:11-12.

Plaintiff alleges that when Defendant recorded the Current Loan after she exercised her right to rescind it, "Defendants negligently caused the damage to Plaintiff beginning September 2007, and continues to cause damage to Plaintiff as of the date of this Complaint[.]" (Compl. ¶ 31.)

California has a two-year statute of limitations for negligence claims. CAL. CIV. PROC. CODE § 335.1. "Generally, a cause of

6

1  action accrues[, and the statute of limitations began to run,] when,
2  under the substantive law, the wrongful act is done and liability
3  arises, i.e., when a suit may be brought." Menefee v. Ostawari, 228 Cal.
4  App. 3d 239, 245 (1991). Therefore, the statute of limitations on
5  Plaintiff's negligence claim began to run when Defendants recorded
6  Plaintiff's Current Loan in September 2007. Plaintiff did not file her
7  Complaint until August 18, 2010, well after the expiration of the two-
8  year statute of limitations. Further, Plaintiff has not plead facts
9  supporting her position that the equitable tolling doctrine allows her
10 to avoid having this claim barred by the statute of limitations.
11 Therefore, the statute of limitations bars Plaintiff's negligence claim,
12 and this claim is dismissed on this ground and the Court need not reach
13 the remaining ground on which dismissal is sought.

### E. Slander of Title

Defendants also seek dismissal of Plaintiff's slander of title claim, arguing this claim is unsupported by facts. (Mot. 14: 17-18.) Defendants argue "Plaintiff here cannot rightfully allege that she has incurred any direct or pecuniary loss" and "alleges no facts in support of this claim[.]" (Mot. 15:1-2, Reply 5:21-22.) Plaintiff argues she "has stated the essential elements for a slander of title" claim. (Opp'n 9:1.)

"The elements of [slander of title] are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." Truck Ins. Exch. v. Bennett, 53 Cal. App. 4th 75, 84 (1997). Plaintiff alleges Defendants "disparaged and clouded the title" by "record[ing] the Current Loan without permission[.]" (Compl. ¶ 34.) Plaintiff also alleges she "suffered pecuniary and other . . . damages caused by Defendants' disparagement[.]" Id. ¶ 35. Plaintiff's allegations are

wholly conclusory and do not plausibly show that this claim is viable. Therefore, this claim is dismissed.

### IV.  CONCLUSION

For the stated reasons, Defendants' motion to dismiss is granted in part and denied in part.

Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint addressing the deficiencies in any dismissed claim.

Dated: February 22, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge