IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHRISTINA STEIN, aka MARY STEIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., successor in interest to Countrywide Bank, FSB; and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. aka "MERS"<br><br>    Defendants.[1] | 2:10-cv-02827-GEB-EFB<br><br><u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |

        Although Plaintiff did not participate in filing a Status Report as ordered, Defendants state in their Status Report that they "remain amenable to the dates set forth in the Court's April 4, 2011 pretrial scheduling order." (ECF No. 35, 4:18-19.) Therefore, the status (pretrial scheduling) conference scheduled for May 23, 2011, is vacated and the following order issues.

DISMISSAL OF DOE DEFENDANTS

        Since Plaintiff has not justified Doe defendants remaining in this action, Does 1-20 are dismissed. <u>See</u> Order Setting Status (Pretrial Scheduling) Conference filed October 26, 2010, at 2 n.2

---

[1]     The caption has been amended according to the <u>Dismissal of Doe Defendants</u> portion of this Order.

1

(indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

### DISCOVERY

All discovery shall be completed by October 11, 2011.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before May 20, 2011, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before July 13, 2011.

### MOTION HEARING SCHEDULE

The last hearing date for motions shall be December 21, 2011, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 230(b). Opposition papers shall be filed in accordance with Local Rule 230(c). **Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.**  Brydges v.

---

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely
2  oppose a summary judgment motion may result in the granting of that
3  motion if the movant shifts the burden to the nonmovant to demonstrate
4  a genuine issue of material fact remains for trial. Cf. Marshall v.
5  Gates, 44 F.3d 722 (9th Cir. 1995).
6       The parties are cautioned that an untimely motion
7  characterized as a motion in limine may be summarily denied. A motion
8  in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

10      The final pretrial conference is set for February 27, 2012, at
11 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY
12 THE CASE for each party shall attend the final pretrial conference. In
13 addition, all persons representing themselves and appearing in propria
14 persona must attend the pretrial conference.
15      The parties are warned that **non-trial worthy issues could be**
16 **eliminated *sua sponte*** "[i]f the pretrial conference discloses that no
17 material facts are in dispute and that the undisputed facts entitle one
18 of the parties to judgment as a matter of law." Portsmouth Square v.
19 S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
20      The parties shall file a **JOINT** pretrial statement no later
21 than seven (7) calendar days prior to the final pretrial conference.[3]
22 The joint pretrial statement shall specify the issues for trial,
23 including a description of each theory of liability and affirmative

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

3

defense, and shall estimate the length of the trial.[4] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

## TRIAL SETTING

Trial shall commence at 9:00 a.m. on May 29, 2012.

IT IS SO ORDERED.

Dated: May 18, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[4] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

4