IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHRISTINA STEIN, aka MARY STEIN,<br><br>            Plaintiff,<br><br>       v.<br><br>BANK OF AMERICA, N.A., successor in interest to Countrywide Bank, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. aka "MERS",<br><br>            Defendants.<br>_____ | 2:10-cv-02827-GEB-EFB<br><br><u>ORDER GRANTING DEFENDANTS'</u><br><u>MOTION TO DISMISS</u> |

         Defendants seek dismissal of Plaintiff's misrepresentation and negligent misrepresentation claims, arguing these "two . . . fraud-based claims fall woefully short of [Federal] Rule [of Civil Procedure ("Rule")] 9(b)'s heightened pleading standard." (ECF No. 38; Mot. 1:13-14.) Plaintiff opposes the motion and seeks leave to amend if the motion is granted. (ECF No. 41.) For the following reasons, Defendants' motion to dismiss is GRANTED.

1

1          Plaintiff alleges in her Second Amended Complaint ("SAC"): she used Countrywide Bank, FSB for the purpose of refinancing her mortgage on September 12, 2007 (the "Current Loan"); "[o]n or about September 13, 2007, [she] exercised her right to rescind the contract, and . . . rescind[ed] the contract by . . . executing Defendant's cancellation form pursuant to Defendant's Notice of Right to Cancel[;]" "[t]hereafter, Defendants recorded the Current Loan despite Plaintiff's rescission[;]" she "became aware that the Current Loan was recorded, and expressed her rescission . . . again in a letter to Defendants dated October 17, 2007[;]" "Defendants have taken no effective steps to rescind the Current Loan[;]" and "Defendant . . . incorrectly represented that rescission was impossible[.]" (SAC ¶¶ 5-11, 14.)

          Plaintiff's misrepresentation and negligent misrepresentation claims are based solely on her allegations that "Defendant . . . incorrectly represented that rescission was impossible" and that this "representation was false[.]" Id. ¶¶ 35-36, 41-42.

          Defendants argue these claims should be dismissed because they fail to comply with Rule 9(b)'s heightened pleading standard. (Mot. 4:4-5:25.) Specifically, Defendants contend Plaintiff "does not differentiate between Defendants" and "fails to allege 'the who, what, when, where, and how of the misconduct charged[.]'" Id. 5:12, 17-18. Plaintiff argues she has plead her misrepresentation and negligent misrepresentation claims with adequate specificity since she alleges "[t]he Defendant, Countrywide, wrongfully and incorrectly represented that rescission was impossible . . . in the fall of 2007 in Stanislaus County, California." (Opp'n 4:17-20.) However, this is bare argument which does not accurately reflect allegations in Plaintiff's SAC.

///

2

1       To allege an actionable fraud claim in federal court the pled
2  claim must satisfy Rule 9(b)'s heightened pleading requirements. See
3  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). Rule 9(b)
4  prescribes that "[i]n alleging fraud or mistake, a party must state with
5  particularity the circumstances constituting fraud or mistake."
6  Fed.R.Civ.P. 9(b). Therefore, a fraud claim must include "an account of
7  the 'time, place, and specific content of the false representations as
8  well as the identities of the parties to the misrepresentations.'"
9  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards
10 v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Rule 9(b)'s
11 heightened pleading requirements also apply to Plaintiff's negligent
12 misrepresentation claim since this claim is "grounded in fraud [and is
13 alleged] to sound in fraud." Kearns v. Ford Motor Co., 567 F.3d 1120,
14 1125 (9th Cir. 2009) (internal quotation marks omitted).

15      Since Plaintiff has failed to allege "the time, place, and
16 specific content of the false representations as well as the identities
17 of the parties to the misrepresentations" as required by Rule 9(b),
18 Plaintiff's misrepresentation and negligent misrepresentation claims are
19 dismissed. Swartz, 476 F.3d at 764 (internal quotation marks omitted).

20      Defendants argue this dismissal should be with prejudice since
21 "Plaintiff cannot reasonably amend these claims to state a valid claim,
22 as she cannot demonstrate reasonable reliance or damages." (Mot. 1:14-
23 15.) However, leave to amend should be granted "unless it [is]
24 determine[d] that the pleading could not possibly be cured by the
25 allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th
26 Cir. 2000) (citation and internal quotation marks omitted). Since it is
27 unclear whether the subject claims can be cured through amendment,
28 Plaintiff is granted fourteen (14) days from the date on which this

order is filed to file a Third Amended Complaint addressing the deficiencies in the dismissed claims. Further, Plaintiff is notified that any dismissed claim not amended within this prescribed time period may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

Dated: August 1, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge