IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA CHRISTINA STEIN, aka MARY
STEIN,

             Plaintiff,

        v.

BANK OF AMERICA, N.A., successor
in interest to Countrywide Bank,
FSB; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. aka
"MERS",

             Defendants.
_____

2:10-cv-02827-GEB-EFB

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
AND REOPEN DISCOVERY AFTER
DISCOVERY COMPLETION DATE HAS
PASSED[*]

        Plaintiff filed a motion on November 16, 2012, in which she requests "1) this Court to compel Defendants to answer [written] Discovery propounded; and 2) to extend the Discovery time period to allow same." (Pl.'s Mot. 6:14-15.) In essence, Plaintiff argues the requested relief should be granted because she and Defendants "agreed to concentrate on settling this matter[,]" but were unsuccessful, and Defendants are now refusing to respond to written discovery that Plaintiff propounded after the discovery completion date. (Pl.'s Mot.

_____

     [*]   This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

3:9-12, 4:6-10; Decl. of Richard Sinclair in Supp. of Mot. ¶¶ 3-4.)
Plaintiff further argues that "Plaintiff's counsel thought [the] parties
were putting discovery on hold to try to settle the matter[, but]
Defendant[s] obviously thought differently . . . ." Id. at 4:6-9.

Plaintiff's request to "compel Defendants to answer [the
propounded written] Discovery" is DENIED, since the January 25, 2012
Minute Order (ECF No. 49) required all discovery to be completed by July
24, 2012. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608
(9th Cir. 1992)(indicating motions filed after the deadlines set in a
scheduling order are untimely and may be denied solely on that ground).
The May 19, 2011 Status (Pretrial Scheduling) Order notified the parties
that in this context, "'completed' means that all discovery shall have
been conducted so . . . any disputes relative to discovery shall have
been resolved by appropriate orders, if necessary . . . ." (ECF No. 37,
2:7-13.)

Further, Plaintiff has not shown "good cause" to extend the
discovery completion date. "A schedul[ing order] may be modified only
for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
"Rule 16(b)'s 'good cause' standard primarily considers the diligence of
the party seeking the amendment. . . . Moreover, carelessness is not
compatible with a finding of diligence and offers no reason for a grant
of relief . . . . If [the movant] was not diligent, the inquiry should
end." Johnson, 975 F.2d at 609. Assuming arguendo that the parties
agreed to "put[] discovery on hold to try to settle the matter[,]" such
an agreement is ineffective without the Court's approval. Fed. R. Civ.
P. 29(b)("a stipulation extending the time for any form of discovery
must have court approval if it would interfere with the time set for

completing discovery"). Therefore, Plaintiff's request to extend the discovery completion date is DENIED.

Dated:  November 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge