IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHRISTINA STEIN, aka MARY STEIN,<br><br>          Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, N.A., successor in interest to Countrywide Bank, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. aka "MERS",<br><br>          Defendants.<br>_____ | 2:10-cv-02827-GEB-EFB<br><br>ORDER TO SHOW CAUSE AND CONTINUING FINAL PRETRIAL CONFERENCE |

An Order to Show Cause ("OSC") was filed on November 15, 2012, directing Plaintiff to explain in a writing to be filed no later than November 19, 2012, why sanctions should not be imposed against her and/or her counsel for failure to file a timely final pretrial statement. (ECF No. 56.) Because of this failure, a previously scheduled final pretrial conference was continued to December 10, 2012, and the parties were required to file a **joint** status report no later than seven (7) days prior to the rescheduled final pretrial conference. Id.

Plaintiff's counsel did not respond to the November 15, 2012 OSC. Therefore, an order imposing monetary sanctions was filed on November 21, 2012, in which Plaintiff's counsel was sanctioned two hundred dollars ($200.00). (ECF No. 59.) The November 21st order

1

1  required Plaintiff's counsel to pay the monetary sanction no later than
2  November 26, 2012. Id.
3          Plaintiff's counsel has not paid the two hundred dollar
4  ($200.00) monetary sanction and again failed to participate in filing a
5  joint pretrial statement. Therefore, Plaintiff is Ordered to Show Cause
6  ("OSC") in a writing to be filed no later than December 7, 2012, why she
7  and/or her counsel should not be sanctioned five hundred dollars
8  ($500.00) under Rule 16(f) of the Federal Rules of Civil Procedure
9  ("Rules") for failure to file a timely final pretrial statement and an
10 additional two hundred dollars ($200.00) for failing to timely pay the
11 original November 21, 2012 monetary sanction. The written response shall
12 state whether Plaintiff or her counsel is at fault, and whether a
13 hearing is requested on the OSC.[1] If a hearing is requested, it will be
14 held on January 14, 2013, at 1:30 p.m., just prior to the final pretrial
15 conference, which is rescheduled to that date and time. A **joint** final
16 pretrial statement shall be filed no later than seven (7) days prior to
17 the final pretrial conference. The parties shall give themselves
18 adequate time to meet and confer in advance of this filing date to
19 timely prepare and file a **joint** statement.[2]

---

[1]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

[2]  The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to
(continued...)

2

1   Further, since the Court questions whether monetary sanctions
2 sufficiently motivate the Plaintiff to comply with the Rules and this
3 Court's orders, **Plaintiff is warned that the continued failure to comply**
4 **with the Rules and/or this Court's orders could result in this action**
5 **being dismissed with prejudice under Rule 41(b) and judgment entered in**
6 **favor of Defendants.**
7   IT IS SO ORDERED.

Dated:  December 4, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2](...continued)
obtain the cooperation of the other party.

3