IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHRISTINA STEIN, aka MARY STEIN,<br><br>   Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A., successor in interest to Countrywide Bank, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. aka "MERS",<br><br>   Defendants. | 2:10-cv-02827-GEB-EFB<br><br>DISMISSAL ORDER, AND DIRECTIVE THAT STATE BAR BE APPRISED OF PLAINTIFF'S COUNSEL'S FAILURE TO COMPLY WITH SANCTION ORDERS |

An order issued on December 11, 2012, imposing a seven hundred dollar ($700.00) monetary sanction against Plaintiff's counsel, Richard C. Sinclair. (ECF No. 64, 2:3-12.) The December 11th order required Plaintiff's counsel to pay this sanction, in addition to an earlier, unpaid two hundred dollar ($200.00) monetary sanction, no later than 4:00 p.m. on December 14, 2012. Id. The December 11th order also required Plaintiff to show cause ("OSC") in a writing to be filed no later than December 14, 2012, why this action should not be dismissed with prejudice under Federal Rule of Civil Procedure ("Rule") 41(b) for Plaintiff's repeated failure to comply with the Court's orders. Id. at 2:13-22. Plaintiff's counsel has not paid the two monetary sanctions totaling nine hundred dollars ($900.00), and Plaintiff did not file a

1

response to the OSC. Therefore, the Court considers whether this action should be dismissed with prejudice under Rule 41(b).

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1991). However, since "dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Id.

To dismiss a case as a sanction,

> the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

The first and second factors weigh in favor of dismissal in this case because Plaintiff's non-compliance with the Court's orders has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish, 191 F.3d at 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (stating "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"). Plaintiff twice failed to timely file a final pretrial statement and failed to respond to three separate OSC's. See ECF No. 64, 2:20-22 (stating "the Court is unable to prepare an appropriate Final Pretrial Order in this action without Plaintiff's compliance.")

1  The third factor concerning the risk of prejudice to Defendants considers the strength of Plaintiff's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 (stating that "the risk of prejudice [is related] to the plaintiff's reason for defaulting"). Since Plaintiff has provided no reason for her non-compliance, the third factor also favors dismissal.

The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal of Plaintiff's case. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits").

The fifth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal. The Court twice imposed monetary sanctions in an effort to obtain Plaintiff's compliance with its orders, to no avail. Further, Plaintiff was expressly warned in the December 5th OSC "that the continued failure to comply with the Court's orders could result in this action being dismissed with prejudice under Rule 41(b) and judgment entered in favor of Defendants." (ECF No. 62, 3:3-6.) See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Since the balance of the factors strongly favors dismissal of this action with prejudice, this action is dismissed with prejudice and judgment shall be entered in favor of Defendants.

Further, in light of Richard C. Sinclair's (SBN 068238) failure to pay the nine hundred dollars ($900.00) in monetary sanctions and repeated failure to respond to the Court's orders, the Clerk of the Court shall forward a copy of this order along with copies of docket

entries Nos. 56, 59, 61-64 to the following address, so that the California State Bar has information which can be used in its determination whether disciplinary action is appropriate:

>    Office of Chief Trial Counsel
>    The State Bar of California
>    1149 South Hill Street
>    Los Angeles, CA 90015-2299

Dated:   December 18, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge